RENDERED: JULY 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0578-MR

CHARLES ROBERT DAVIDSON                                    APPELLANT


v.              APPEAL FROM JEFFERSON FAMILY COURT
                HONORABLE BRYAN D. GATEWOOD, JUDGE
                ACTION NO. 22-CI-500511


MARY DIANE WEBSTER
DAVIDSON                                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, L. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Charles Robert Davidson ("Bobby") appeals from the

Jefferson Family Court's judgment dissolving his marriage to Mary Diane Webster

Davidson ("Diane").  Specifically, he challenges the court's determination that

Diane had not dissipated the marital estate.  Finding no error, we affirm.

## BACKGROUND

Bobby and Diane were married for forty-six years before separating in October 2021. Diane filed a petition for dissolution of marriage in February 2022. Because they had no minor children, the only issue before the court was the division of assets and liabilities. The parties agreed that all assets were marital and would be divided equally. However, they disagreed about the value of some of the assets, particularly ten Edward Jones investment accounts. Both parties accused the other of dissipating marital assets by withdrawing money from the accounts for personal use.

At a hearing on the parties' dissipation claims, the court heard testimony from Bobby, Diane, their two adult children, and an accountant. Following the hearing, the court entered findings of fact, conclusions of law, and a judgment dissolving the parties' marriage. Relevant to the appeal, the court found that neither party had dissipated marital assets.[1] Bobby appeals this determination. Further facts will be set forth below.

## STANDARD OF REVIEW

"Dissipation must be demonstrated by a preponderance of the evidence, and the family court's findings of fact are upheld if supported by

---

[1] The court reserved the distribution of marital assets, ordering the parties to work out the final division based upon its findings of fact and conclusions of law.

substantial evidence." *Duffy v. Duffy*, 540 S.W.3d 821, 828 (Ky. App. 2018) (citing *Kleet v. Kleet*, 264 S.W.3d 610, 617 (Ky. App. 2007)).  The family court, as factfinder, "possesses the sole authority to assess the credibility of witnesses." *Id.* at 828-29; CR[2] 52.01.  "Dissipation may be found when marital funds are expended for a nonmarital purpose, (1) during a period when there is a separation or dissolution impending; and (2) where there is a clear showing of intent to deprive one's spouse of her proportionate share of the marital property." *Kleet*, 264 S.W.3d at 617 (internal quotation marks omitted) (citing *Brosick v. Brosick*, 974 S.W.2d 498, 500 (Ky. App. 1998)).

## ANALYSIS

The family court held that Bobby did not establish by a preponderance of the evidence that Diane intended to deprive him of his interest in the marital property during the period when separation or dissolution was impending.  It found that Diane was the spender in the relationship and continued to work long after Bobby retired to support her spending.  It further found that after the parties separated, each maintained the lifestyle they enjoyed during the marriage.  To do so, they utilized their investment accounts.  As a result of the separation, Diane had to find a new residence and furnish it.  While she used marital funds to do so, the court could not find that her actions amounted to dissipation.

---

[2] Kentucky Rules of Civil Procedure.

-3-

Bobby argues this finding was clearly erroneous. Specifically, he claims he proved both that Diane inappropriately spent funds during the separation period and with the intent to deprive him of marital property. He points to the testimony of his expert witness accountant, Missy DeArk, that from January 2021 to July 2023, Diane withdrew almost $150,000 from her Edward Jones accounts and transferred them to her checking account. From there, she made large payments on credit cards. As for intent to deprive, he cites evidence that Diane rented a storage unit without his knowledge and took items from the marital home. He also claims she disregarded an agreed order by withdrawing money from her investment accounts.

However, "judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (footnote omitted). Further, it is within a trial court's discretion to believe certain evidence to the exclusion of other evidence. *Id.* at 355. Here, the family court found Diane's testimony concerning her spending habits more credible. Instead of intending to deprive Bobby of marital assets, the family court found that Diane was maintaining the standard of living she had enjoyed during the marriage. Substantial evidence supports that finding.

There was testimony that both historically and during the period of separation, Diane frequently spent money on her children and grandchildren. She

-4-

estimated she spent $12,000-$15,000 yearly on her grandkids during the marriage. Both children confirmed that their parents had been financially generous to their families during the marriage. Relatedly, Diane testified that she spent substantial money remodeling their house to make it a place where her kids and grandkids could gather.

During the period of separation, Diane spent $9,000 on an orthopedic mattress and bedframe she needed following back surgery, and $1,500 on a down payment for a recliner couch. She also paid for a deposit on a rental home when she moved out of the marital residence, moving costs, items to furnish her home, and family vacations.

Diane testified that she earned $150,000 per year while working. Because she made a good salary, she paid most of the bills throughout their marriage. However, after she retired in 2018, she began using credit cards to meet her expenses. She then paid off the credit cards with her Edward Jones accounts.

The financial records support Diane's testimony that she used the Edward Jones accounts to pay her expenses and maintain her lifestyle. Ms. DeArk testified that Diane withdrew money from her Edward Jones accounts and deposited it into her checking accounts, where she spent it, mostly to pay off credit cards. This is consistent with Diane's testimony that she used the credit cards to

pay her living expenses and then paid off the credit cards from her investment accounts.

Further, Ms. DeArk reported that Diane withdrew around $150,000 from her Edward Jones accounts from January 2021 to July 2023. This averages out to $5,000 per month, well within Diane's estimated monthly expenses of $7,157. Diane's credit card statements show that this money was spent on daily living costs such as groceries, restaurants, drug stores, and home improvements. "[A] party is free to dispose of his marital assets as he sees fit so long as such disposition is not fraudulent or intended to impair the other spouse's interest such that it may properly be classified as a dissipation of the marital estate." *Ensor v. Ensor*, 431 S.W.3d 462, 472 (Ky. App. 2013). The family court's finding that Diane did not dissipate marital assets was not clearly erroneous.

Finally, Bobby contends the family court erred in ordering the parties to tender findings concerning the value of the investment accounts rather than making that determination itself. During Bobby's direct examination, his attorney sought his position concerning the accounts, and Diane objected to leading. The Court queried:

> Would it not be better for you all to tender memoranda
> saying exactly what your clients would like me to do?
>
> . . .

-6-

> Just something that, honestly, lays out your numbers and
> why you think I ought to do it that way. And then I will
> decide what I am gonna do with the numbers. And it can
> be two pages saying: "here is the value of the accounts,
> they ought to be divided this way." . . . That's the crux
> of this whole thing. And I have heard, I think, plenty of
> proof.

Thus, the court did not abdicate its responsibility. It simply requested the parties' perspective before it made its ruling. It should be noted that the parties had already agreed to many aspects of the marital property division – specifically, that all assets were marital and that the investment accounts would be divided equally. The only real issue was the value of the accounts considering possible dissipation. As the court found no dissipation, valuing the accounts should be straightforward. While Bobby disputes the no dissipation determination, the court did not err in that finding and did not err in its procedure here.

## CONCLUSION

Accordingly, the judgment of the Jefferson Family Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Allison Spencer Russell
Ryan T. Geoghegan
Louisville, Kentucky

BRIEF FOR APPELLEE:

Katherine A. Ford
Danielle Tackett
Louisville, Kentucky